DAVID S. WILSON, III, (SBN 174185)
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, CA 92614
Telephone: 949.862.4656
Facsimile: 901.492.5641
dswilson@fedex.com

Attorney for Defendant
FEDERAL EXPRESS CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION, a Delaware corporation; HAWTHORNE USA, INC. WHICH WILL DO BUSINESS AS DELAWARE HAWTHORNE USA, INC., a Delaware corporation; and Does 1-10,<br><br>Defendants. | Case No. 2:18-cv-04607-ODW-JEM<br><br>**ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant Federal Express Corporation ("FedEx"), by and through its attorneys, and in response to Plaintiff Carmen John Perri's ("Perri") Complaint states as follows:

## PARTIES

1. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies same.

2. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies same.

3. FedEx admits that Hawthorne USA, Inc. was the owner of the Property on April 25,

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1

ANSWER TO COMPLAINT
Case No. 2:18-cv-04607-ODW-JEM

1  2018. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 3 of the Complaint and, therefore, denies same.

4. FedEx admits that Hawthorne USA, Inc. is the owner of the Property. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 4 of the Complaint and, therefore, denies same.

5. FedEx admits the allegations contained in Paragraph 5 of the Complaint.

6. FedEx admits the allegations contained in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 is a statement reserving Plaintiff's right to amend his complaint and requires no response. To the extent that Paragraph 7 contains factual allegations, FedEx denies the remaining allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. FedEx admits that this Court has jurisdiction over ADA claims.

9. FedEx admits that this Court has supplemental jurisdiction over Plaintiff's state law claims.

10. FedEx admits that venue in this Court is proper.

## FACTUAL ALLEGATIONS

11. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies same.

12. FedEx admits that a small portion of the facility comprises a retail space open to the public and denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. FedEx admits that the property contains parking spaces available to the public. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 13 of the Complaint and, therefore, denies same.

14. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies same.

2

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

ANSWER TO COMPLAINT
Case No. 2:18-cv-04607-ODW-JEM

15. Portions of Paragraph 15 contain legal conclusions to which no response is required. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the factual allegations contained in Paragraph 15 of the Complaint and, therefore, denies same.

16. The allegations in Paragraph 16 is a statement reserving Plaintiff's right to state further allegations and requires no response. To the extent that Paragraph 16 contains factual allegations, FedEx denies the remaining allegations in Paragraph 16.

17. FedEx denies the allegations contained in Paragraph 17 of the Complaint to the extent the allegations apply to FedEx and demands strict proof thereof.

18. FedEx denies the allegations contained in Paragraph 18 of the Complaint to the extent the allegations apply to FedEx and demands strict proof thereof.

19. FedEx denies the allegations contained in Paragraph 19 of the Complaint and demands strict proof thereof.

20. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies same.

21. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies same.

22. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies same.

23. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies same.

24. FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies same.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

ANSWER TO COMPLAINT
Case No. 2:18-cv-04607-ODW-JEM

25. FedEx denies the allegations contained in the first sentence of Paragraph 25 of the Complaint and demands strict proof thereof. The second and third sentence of Paragraph 25 of the Complaint are statements reserving Plaintiff's right to state further allegations to which no response is required. Regarding the fourth sentence of Paragraph, the *Doran* case speaks for itself.

26. FedEx denies the allegations contained in Paragraph 26 of the Complaint to the extent such allegations relate to FedEx and demands strict proof thereof.

27. FedEx denies the allegations contained in Paragraph 27 of the Complaint and demands strict proof thereof. To the extent that Paragraph 27 of the Complaint constitutes a demand for relief, FedEx denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 *et seq.*

28. FedEx hereby incorporates by reference the responses contained in Paragraphs 1 through 27 above as if fully set forth herein.

29. FedEx states that the Americans with Disabilities Act speaks for itself. To the extent Plaintiff seeks to impose obligations on FedEx that are additional to or different from what the statute requires, FedEx denies Plaintiff's allegations.

30. FedEx states that the cited provisions speak for themselves. To the extent Plaintiff seeks to impose obligations on FedEx that are additional to or different from what the Americans with Disabilities Act requires, FedEx denies Plaintiff's allegations. The last sentence of Paragraph 30 asserts a legal conclusion to which no response is required. To the extent the last sentence of Paragraph 30 contains factual allegations, FedEx denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

31. FedEx states that the cited regulation speaks for itself. To the extent Plaintiff seeks to impose obligations on FedEx that are additional to or different from what the Americans with Disabilities Act requires, FedEx denies Plaintiff's allegations.

32. Paragraph 32 of the Complaint asserts a legal conclusion to which no response is required. To the extent that Paragraph 32 contains factual allegations, FedEx denies the allegations

4

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

ANSWER TO COMPLAINT
Case No. 2:18-cv-04607-ODW-JEM

contained in Paragraph 32 of the Complaint and demands strict proof thereof.

33. FedEx denies the allegations contained in Paragraph 33 of the Complaint to the extent the allegations apply to FedEx and demands strict proof thereof. To the extent that Paragraph 33 of the Complaint constitutes a demand for relief, FedEx denies that Plaintiff is entitled to the relief sought or to any relief whatsoever

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE §51 *et seq*.

34. FedEx hereby incorporates by reference the responses contained in Paragraphs 1 through 33 above as if fully set forth herein.

35. FedEx states that California Civil Code § 51 speaks for itself. To the extent Plaintiff seeks to impose obligations on FedEx that are additional to or different from California Civil Code § 51 requires, FedEx denies Plaintiff's allegations. FedEx denies the allegations in the second sentence of Paragraph 35 of the Complaint to the extent the allegations apply to FedEx and demands strict proof thereof.

36. FedEx denies the allegations contained in Paragraph 36 of the Complaint to the extent the allegations apply to FedEx and demands strict proof thereof.

37. FedEx denies the allegations contained in Paragraph 37 of the Complaint to the extent the allegations apply to FedEx and demands strict proof thereof.

The remaining allegations of the Complaint constitute a demand for relief and FedEx denies that Plaintiff is entitled to the relief sought, or to any relief, whatsoever.

**Each and every allegation contained in the Complaint not admitted or denied, is hereby denied**.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, and each and every count thereof, separately and severally, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

FedEx alleges that there may be other persons or entities who may or may not have been

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

5

ANSWER TO COMPLAINT
Case No. 2:18-cv-04607-ODW-JEM

named and/or served in this action who are at fault with respect to the matters referred to in the Complaint, and that such fault proximately caused the damages, if any, complained of by Plaintiff.

### Third Affirmative Defense

There has been no violation of the Unruh Civil Rights Act, in that there has been no refusal by FedEx keeping Plaintiff from entering the premises owned, operated or controlled by FedEx and the structure of the premises allows Plaintiff to use the facilities.

### Fourth Affirmative Defense

FedEx has provided equal access to individuals with disabilities.

### Fifth Affirmative Defense

FedEx has alternative methods for complying with the ADA, thereby providing full and equal access for individuals with disabilities to the goods, services, facilities, privileges, advantages and accommodations offered at the premises at issue.

### Sixth Affirmative Defense

The discriminatory actions alleged by Plaintiff, if taken by FedEx, were not intentional. As a result, Plaintiff is not entitled to the relief requested in the Complaint.

### Seventh Affirmative Defense

FedEx acted in good faith and engaged in innocent conduct concerning all matters alleged by Plaintiff in the Complaint and therefore Plaintiff is barred from recovery.

### Eighth Affirmative Defense

The Complaint, and each cause of action contained therein, fails to allege facts sufficient to entitle Plaintiff to recover attorney fees.

### Ninth Affirmative Defense

FedEx alleges that Plaintiff has no standing to assert the claims alleged in the Complaint because, among other things, FedEx is informed and believes that Plaintiff was not deterred from visiting the premises, nor can Plaintiff establish intent to visit the premises in the future, nor is plaintiff within the class that the Americans with Disabilities Act was intended to protect from unlawful discrimination on the basis of disability, and Plaintiff is not an aggrieved person under the Americans with Disabilities Act.

6

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

ANSWER TO COMPLAINT
Case No. 2:18-cv-04607-ODW-JEM

## Tenth Affirmative Defense

FedEx reserves the right to assert other defenses as discovery proceeds.

**WHEREFORE**, FedEx respectfully, requests a judgment dismissing the Complaint filed herein with prejudice, together with the costs and disbursements of this action, and such other relief which the Court deems just and appropriate.

Dated: August 1, 2018                              Respectfully submitted,

                                                  By:     */s/David S. Wilson*
                                                          David S. Wilson

                                                          Attorney for Defendant
                                                          FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

7

ANSWER TO COMPLAINT
Case No.  2:18-cv-04607-ODW-JEM

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2018, I caused the foregoing document to be filed with the Clerk of Court via CM/ECF, which will send notice to the following CM/ECF participants:

Joseph R. Manning, Jr., Esq.
Michael J. Manning, Esq.
Craig G. Cote, Esq.
MANNING LAW, APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660

Attorneys for Plaintiff

                                                        /s/David S. Wilson
                                                        David S. Wilson

#1286248

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

8

ANSWER TO COMPLAINT
Case No. 2:18-cv-04607-ODW-JEM